IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV224-01-MU

| | |
|---|---|
| ELWOOD SMITH,            ) | |
|                                ) | |
|        Petitioner,       ) | |
|                                ) | |
|     v.                     ) | **O R D E R** |
|                                ) | |
| RICHARD NEELY,        ) | |
|                                ) | |
|        Respondent.       ) | |
| _____) | |

**THIS MATTER** comes before the Court upon Petitioner's Petition for a Writ of Habeas Corpus, filed May 18, 2006.

As an initial matter the Court notes that a federal habeas petition requires a filing fee of five dollars. Petitioner has not paid the filing fee. Nor has Petitioner submitted an application to proceed in forma pauperis. As a result, Petitioner's federal habeas petition is dismissed on this basis.

In addition, the Court notes that in his petition for a writ of habeas corpus, Petitioner indicates that in approximately 1990 he filed a petition for writ of habeas corpus with this Court. A review of Petitioner's case history reveals that he did indeed file a petition for writ of habeas corpus with this Court that was granted. However, the United States Court of Appeals for the Fourth Circuit reversed this Court's decision. See Smith v. Smith, 931 F.2d 242 (4th Cir. 1991).

AEDPA mandates that "before a second or successive application [for habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Therefore,

because this is not Petitioner's first habeas petition,[1] he must first certify his claims with the Fourth Circuit Court of Appeals before he can file a successive petition in the District Court.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED** without prejudice as successive and for failure to pay the filing fee.

Signed: May 22, 2006

Graham C. Mullen
United States District Judge

---

[1] The fact that Petitioner's first federal habeas petition was filed prior to AEDPA's enactment does not change this outcome. See Harvey v. Horan, 278 F.3d 370, 379 n.2 (4th Cir. 2002)(holding that AEDPA's successive provision applies based upon when second petition was filed).